UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ROBERT J. CANTRELL, | ) |
|     Petitioner, | ) Civil Action No. 13-169-HRW |
| v. | ) |
| MICHAEL SEPANEK, WARDEN, | ) **MEMORANDUM OPINION** |
|     Respondent. | ) **AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Robert J. Cantrell is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Cantrell has filed, by and through his counsel [D. E. No. 3] a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2008 federal conviction for honest services fraud and his 78-month sentence. [D. E. No. 1] Cantrell has paid the $5.00 filing fee. [*Id.*]

The Court reviews the § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Cantrell is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to

relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court has reviewed Cantrell's habeas petition, various attachments thereto, and memorandum of law, but determines that it must deny the petition because Cantrell cannot not pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

In March 2007, an eleven-count indictment was handed down in an Indiana federal court, charging Cantrell with committing honest services fraud by using his position in public office to steer contracts to a third party in exchange for kickbacks, in violation of 18 U.S.C. §§ 1341 and 1346; insurance fraud by deceptively procuring coverage for two of his children, in violation of 18 U.S.C. § 1341; and filing false income tax returns by not reporting the kickbacks, in violation of 26 U.S.C. § 7206(1). *United States v. Cantrell*, No. 2:07-CR-44-PRC (N. D. Ind. 2007).

On June 6, 2008, a jury convicted Cantrell on all eleven counts. [*Id.*, D. E. No. 67, therein] On March 31, 2009, Cantrell was sentenced to a 78-month prison term, plus a 3-year term of supervised release. [*Id.*, D. E. No. 128, therein] Cantrell appealed, primarily challenging his sentence on the grounds that the district judge applied an incorrect guideline and failed to address his arguments for

leniency, but he also preserved a challenge to his four convictions on the honest services fraud counts, arguing that because 18 U.S.C. § 1346 was unconstitutionally vague, he was thus improperly charged with and convicted of that offense. The Seventh Circuit affirmed both Cantrell's sentence and his conviction on the honest services fraud counts. *United States v. Cantrell*, 617 F.3d 909 (7th Cir. 2010).

The Seventh Circuit explained that while Cantrell's appeal was pending, the Supreme Court decided *Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896 (2010), *Black v. United States*, 561 U.S. 465 (2010), and *Weyhrauch v. United States*, 561 U.S.476 (2010), all of which involved 18 U.S.C. § 1346, the honest services statute. *Cantrell*, 617 F.3d at 921. The court explained that in *Skilling*, the most comprehensive of the three opinions, the Supreme Court determined that the "honest services" component of the federal mail-fraud statute was not unconstitutionally vague, but narrowly interpreted § 1346 such that it criminalizes only schemes to defraud that involve bribes or kickbacks, *i.e.*, schemes where one fraudulently deprives another of one's honest services by accepting bribes or kickbacks. *Cantrell*, 617 F.3d at 921 (citing *Skilling*, 130 S. Ct. at 2933).

Applying *Skilling* to Cantrell's § 1346 conviction, the Seventh Circuit stated that Cantrell was charged with using his position as a public official of North

3

Township of Lake County, Indiana, to secure contracts with a counseling company owned by an acquaintance in exchange for a share of the proceeds (kickbacks) from the contracts, conduct which 1346 prohibits. *Id.* The court stated:

> By failing to fairly, honestly, and candidly award contracts, Cantrell defrauded North Township and its citizens of their right to his honest services. This was clearly a kickback scheme, so § 1346--even as pared down by *Skilling*--applies to Cantrell. As he presents no other challenge to his convictions, they will not be disturbed.

*Id.*

## CANTRELL'S § 2255 MOTION

On February 7, 2012, Cantrell filed a motion in the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Cantrell Criminal Action, 2:07-CR-44, D. E. No. 165, therein; *see also Cantrell v. United States*, No. 2:12-CV-59-RL (N.D. Ind. 2012). Cantrell challenged his convictions for honest services fraud, claiming constitutionally ineffective assistance of both his trial and appellate counsel, in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution and the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984), which holds that to establish ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced him.

4

Cantrell alleged his trial counsel failed to allow him to testify on his own behalf and to call two key witnesses and that as a result, he was prejudiced. Cantrell further alleged that his first appellate counsel failed to adequately argue how *Skilling*'s and *Black*'s substantive changes in the law impacted his convictions for honest services fraud, and failed to object to allegedly erroneous jury instructions on the honest services fraud counts.

On March 29, 2013, the district court denied the § 2255 motion, finding that Cantrell failed to establish that either his trial or his appellate counsel rendered constitutionally ineffective assistance. [*See* Cantrell Criminal Action, D. E. No. 195; *Cantrell v. United States*, Nos. 2:12–CV–59, 2:07–CR–44, 2013 WL 1332239 (N.D. Ind. Mar. 29, 2013]¹ As for his allegation that he was denied effective assistance of appellate counsel, Cantrell asserted four specific arguments, but the district determined that none of them had merit.

First, the court rejected Cantrell's assertion that his appellate failed to adequately brief and argue the impact of the *Skilling* case, noting that in the appellate brief, counsel not only argued that § 1346 was unconstitutionally vague, but also cited the then-pending *Skilling* and *Black* cases as authority for that

---

¹ The district court's rejection of Cantrell's first claim, that his *trial* counsel rendered ineffective assistance, is set forth in *Cantrell*, 2013 WL 1332239, at \*\*2-5. That discussion is not germane to the claims which Cantrell currently asserts in this habeas proceeding.

5

proposition. *Cantrell*, 2013 WL 1332239, at *6. Further, the district court noted that after oral argument, but before the Seventh Circuit decided Cantrell's appeal, Cantrell's appellate counsel submitted a letter of supplemental citations, stating that the Supreme Court had since decided *Skilling* and *Black,* and explaining why the two the rulings supported Cantrell's argument that his § 1346 conviction was unconstitutional. *Id.*, at *7

After reviewing the record as a whole, the district court determined that Cantrell's appellate counsel "...acted reasonably in handling Cantrell's appeal." *Id.*, at *8. The court rejected Cantrell's contention that his appellate counsel could have raised more extensive arguments about the impact of *Skilling* and *Black*, concluding that Cantrell's argument was based on hindsight of which Cantrell's counsel did not have the benefit. *Id.*

Further, the court noted that when Cantrell's appellate brief was filed, his § 1346 convictions were governed by *United States v. Sorich*, 523 F.3d 702 (7th Cir. 2008), under which Cantrell's § 1346 convictions would have been upheld. *Cantrell*, at *8. The court explained that given the state of the law at that time, Cantrell's appellate counsel's did not perform deficiently by devoting much of his appellate brief to sentencing issues instead of focusing on the pending *Skilling* and *Black* cases. *Id.*, at *8 (citing *Strickland*, 466 U.S. at 689 (holding that the court

should evaluate performance from counsel's perspective at the time); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument ... does not constitute ineffective assistance of counsel.")). The court stated:

> While appellate counsel obviously knew of the *Skilling* and *Black* cases while Cantrell was being appealed, it would have taken an oracle to predict exactly how the Supreme Court would decide those cases. Indeed, Cantrell concedes that the *Black* and *Skilling* decisions "completely altered the legal landscape of honest services fraud." (docket citation omitted). Thus, the manner in which appellate counsel raised the issue on appeal was more than reasonable and provided effective assistance. *United States v. Keeling*, 116 Fed. App'x. 958, 959 (10th Cir. 2004) (holding that "counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance.") (citation omitted).

*Id.*

Second, the district court determined that Cantrell's appellate counsel acted reasonably after the Supreme Court rendered the *Skilling* and *Black* decisions. *Id.*, at *9. Cantrell alleged that his counsel should have addressed the impact of *Skilling* and Black in a supplemental brief, but the district court concluded otherwise, finding that counsel's decision to address the impact of these decisions in a supplemental letter filed pursuant to Federal Rule of Appellate Procedure 28 was adequate, and that "appellate counsel's failure to file a supplemental brief regarding cannot be said to be constitutionally deficient." *Id.*

Third, the district court rejected Cantrell's arguments that his trial counsel failed to raise the jury instruction that the appellant made in *Black*, and that his appellate counsel then failed to raise the jury instruction issue in the appellate brief. *Id.* The district court reiterated that *Black* was not decided until after the oral argument in Cantrell's appeal, and that in his FRAP 28 letter, Cantrell's appellate counsel discussed how the *Black* decision impacted the jury instruction challenge. *Id.* Further, the district court noted that on direct appeal of Cantrell's conviction, the Seventh Circuit explained the indictment charged Cantrell with conduct that unquestionably qualified as a "kickback scheme" under § 1346. *Id.* The district court stated, "Nothing in the Seventh Circuit's opinion indicates that it based its opinion on any of appellate counsel's alleged deficiencies complained of by Cantrell." *Id.*, at *10.

Fourth, the district court noted that the two weeks after the Seventh Circuit affirmed Cantrell's conviction, Cantrell's second appellate counsel filed a 15-page petition for rehearing, in which they asserted additional legal arguments based on the *Skilling* and *Black* decisions. *Id.* The district court emphasized that even after being presented with those additional legal arguments, all of the judges on the

appellate panel voted to deny a rehearing; none of the judges requested a vote for rehearing *en banc*; and the petition for rehearing was denied. *Id.*[2]

In conclusion, the district court determined under the objective standard of reasonableness, Cantrell's appellate counsel provided "...more than adequate assistance to Cantrell, especially in light of counsel's perspective at the time without knowing the Supreme Court's decisions in *Skilling* and *Black*. Because Cantrell failed to show his appellate counsel acted deficiently, there is no need to examine the prejudice prong." *Id.*

When the district court denied Cantrell's § 2255 motion, it also denied him a certificate of appealability. Cantrell did not appeal the denial of his § 2255 motion. He filed this § 2241 proceeding on November 25, 2013.

---

[2] The district court concluded that the fact that the Seventh Circuit denied Cantrell's petition for rehearing was a significant indication that the Seventh Circuit was *not* persuaded that *Skilling* and *Black* applied to Cantrell or provided him relief from his § 1346 convictions. Therefore, the district court concluded that Cantrell did not receive ineffective assistance of appellate counsel, explaining as follows:

> Cantrell downplays the significance of his second appellate counsel's assistance, and argues that it does not remediate prior appellate counsel's deficiencies because the Seventh Circuit Court of Appeals has discretion in whether to grant a petition for rehearing. **This Court disagrees with Cantrell's belief that the petition for rehearing was insignificant. Even though the Seventh Circuit has discretion to entertain such a petition, it is hard for this Court to believe that the Seventh Circuit would refuse to rehear a case if a rehearing was warranted. In sum, the Court finds Cantrell received a fair appeal and his appellate counsel provided adequate assistance.**

*Cantrell*, at *10 (emphasis added).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Cantrell alleges that as for his convictions for honest services fraud, he was "convicted and is serving a sentence for conduct that the law no longer makes criminal....Cantrell is actually innocent of honest services fraud as that statute was interpreted by the U.S. Supreme Court in *Skilling v. U.S.*, 130 S. Ct. 2896 (2010) and *Black v. U.S.*, 130 S. Ct. 2963 (2010)." [D. E. No. 1, p. 2, § 6(c)]. Cantrell alleges that he was convicted of honest services fraud "...based upon a violation of state conflict of interest law, not upon a finding of bribery or kickbacks..." [*Id.* p. 5 § 10(c)). Cantrell thus contends that he stands convicted of conduct that "...has since been decriminalized by the Supreme Court." *Id.*

Cantrell asserts that the *Skilling* and Black decisions are retroactively applicable to him; that because these decisions were rendered after he was convicted, his remedy under § 2255 was inadequate and ineffective to challenge his detention; and that he has "...never had a reasonable opportunity to claim actual innocence." *Id.* Cantrell alleges that although his claims were "partially" mentioned on appeal by counsel, they were not "fully briefed." [*Id.*, p. 7 § 13]

In his 30-page Memorandum of Law, Cantrell expounds on these claims. [D. E. No. 1-1] Cantrell discusses at length his belief that the *Skilling* and *Black* decisions exonerate him from his convictions for honest services fraud, and his

contention that his appellate counsel improperly focused on sentencing issues in the appellate brief, instead of focusing on the favorable impact that *Skilling* and *Black* should have had on his convictions for honest services fraud. [*Id.*, pp. 16-19] Cantrell also discusses several recent cases from 2011-2012 which interpret and apply the holdings of *Skilling*, *Black*, and *Weyhrauch*. [*Id.*, pp. 19-30]

Cantrell asks this Court to vacate his honest services fraud convictions, which, he claims, "drove the guideline calculation." [D. E. No. 1, p. 8] Alternatively, Cantrell asks this Court to recalculate his sentence under the federal guidelines absent his convictions for honest services fraud, and to "remand on remaining guideline convictions." [*Id.*]

## DISCUSSION

Cantrell is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Cantrell essentially challenges the constitutionality of his underlying federal conviction and sentence on Sixth Amendment grounds. Cantrell alleges that his appellate counsel failed to adequately explain to the Seventh Circuit Court of Appeals why *Skilling*, *Black*, and *Weyhrauch* relieved him of criminal responsibility under § 1346. But § 2241 is not the mechanism for asserting such a

11

challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2255 motion, Cantrell previously argued at length that he received ineffective assistance of counsel during his criminal appellate proceeding, based on counsel's alleged failure to adequately address the impact of *Skilling*, *Black*, and *Weyhrauch* on his honest services fraud convictions under § 1346. As set forth previously herein, the district court issued a comprehensive opinion rejecting that same contention. The district court determined that during *all* stages of the

appellate process, Cantrell's first appellate counsel acted reasonably in addressing the applicability of the *Skilling*, *Black*, and *Weyhrauch* to Cantrell's pending appeal, and that as a result, Cantrell's Sixth Amendment rights were not violated.

In his § 2241 petition, Cantrell has done nothing more than re-brief his earlier arguments that *Skilling* and *Black*, and the more recent progeny of those two cases, entitle him to relief from his § 1346 convictions for honest services fraud. He is also impliedly re-hashing the same Sixth Amendment ineffective assistance of appellate counsel claim that he unsuccessfully raised in his § 2255 motion: that his first appellate counsel failed to convincingly argue that *Skilling*, *Black*, and *Weyhrauch* render him innocent of his honest services fraud convictions. The district denied Cantrell's § 2255 motion and also denied him a certificate of appealability, after thoroughly evaluating not only the Seventh Circuit's published opinion affirming Cantrell's § 1346 conviction, but also Cantrell's unsuccessful petition asking the Seventh Circuit to rehear the case, which petition contained additional briefing about *Skilling*, *Black*, and *Weyhrauch*.

The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. That Cantrell was unsuccessful

on his Sixth Amendment claims in his § 2255 motion does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Cantrell does not,

14

however, point to any retroactively applicable Supreme Court decision which would afford him relief from his conviction.

Cantrell alleges that *Skilling* and *Black* are "retroactively applicable" cases which afford him relief from his §1346 convictions, but he ignores key facts in making this claim. On direct appeal of his convictions and sentence, Cantrell's appellate counsel brought both of these cases to the attention of the Seventh Circuit on three separate occasions: **first**, in the original appellate brief; **second**, in the supplemental letter filed pursuant to FRAP 28(j); and **third**, in the petition for rehearing filed by Cantrell's second appellate counsel. Thus, Cantrell cannot legitimately argue that these cases qualify as new statements of law which he did not have the opportunity to address either on direct appeal or in his § 2255 motion.

As the district court explained to Cantrell when it denied his § 2255 motion, had the Seventh Circuit been convinced that Cantrell's convictions for honest services fraud under § 1346 ran afoul of the subsequently rendered *Skilling*, *Black*, and *Weyhrauch* decisions, it had an ample opportunity to reverse those convictions, but it refused to do so. Instead, as the district court correctly noted, the Seventh Circuit expressly *affirmed* Cantrell's § 1346 convictions, stating as follows:

> By failing to fairly, honestly, and candidly award contracts, Cantrell defrauded North Township and its citizens of their right to his honest services. **This was clearly a kickback scheme, so § 1346--even as pared down by *Skilling*--applies to Cantrell**. As he presents no other challenge to his convictions, they will not be disturbed.

*Cantrell*, 617 F.3d at 921 (emphasis added).

Thus, Cantrell has not alleged a claim of actual innocence as to his § 1346 convictions. Because Cantrell alleges that he was denied effective assistance of appellate, and because of his *pro se* status, the Court will briefly note two other cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), which discuss when a defendant may assert certain types of claims alleging ineffective assistance of counsel.[3] Neither of these cases assist Cantrell because (1) Cantrell was not denied effective assistance of appellate counsel for the reasons set forth herein; and (2) even if Cantrell had been denied effective assistance of counsel, these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

---

[3] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

In summary, Cantrell has not shown that his remedy under § 2255 was an inadequate and ineffective means of challenging his federal detention, nor has he established a claim of actual innocence as to his § 1346 convictions for honest services fraud. Therefore, he is not entitled to proceed under § 2241, and the Court will deny his petition and dismiss this proceeding.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1. Robert J. Cantrell' 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 14, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge